(56 Misc. Rep. 676.)

MOPPAR v. WILTCHIK et al.

(Supreme Court, Appellate Term.    December 12, 1907.)

1. PARTIES—DEFECT OF PARTIES PLAINTIFF—AMENDMENT.
    In an action for damage to goods, where the pleadings were oral, so that a defect of parties could not be taken advantage of by demurrer, and upon the trial it appeared that plaintiff was not the sole owner of the injured property, defendants should be allowed to amend their answer, setting up the defect.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, § 124.]

2. SAME—PLAINTIFFS—PERSONS IN INTEREST.
    To maintain an action, plaintiff must be the only person possessed of any interest in the demand, so that, as a result of the litigation, all rights of action in respect thereto will be barred as against defendants.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, § 18.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Kohos Moppar against Louis Wiltchik and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Morris A. Rabinovitch, for appellants.

Bennett E. Siegelstein, for respondent.

PER CURIAM. This action was brought to recover damages to merchandise injured by the leakage of water from pipes, which were being placed in premises leased by the plaintiff by a contractor employed by the defendant. We should not be inclined to disturb this judgment, were it not that it appeared upon the trial that the plaintiff was not the sole owner of the injured property. The proof shows that the plaintiff's son, one Louis Moppar, was a partner with plaintiff, and that the copartnership owned the damaged goods.

The pleadings were oral, and consequently the defect of parties could not be taken advantage of by demurrer. As soon as this fact was made to appear upon the trial, the defendants' counsel moved to amend the answer, setting up a defect of parties plaintiff. This motion was denied. It should have been granted. It affected a substantial right of the defendants, and was in the furtherance of justice. The rule is well settled that, to maintain an action, it must appear that the plaintiff is the only person possessed of any ownership or interest in the demand, so that, on a recovery and subsequent payment, all rights of action in respect thereto will be barred as against the defendants.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.